**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SHARIDAN L. STILES ,** *Plaintiff,* | **Civil Action No.**19-CV-417 |
| v. | **JURY TRIAL DEMANDED** |
| **TARGET CORPORATION,** ***Defendant.*** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sharidan L. Stiles ("Stiles" or "Plaintiff"), by and through her attorneys, brings this action for the willful infringement of U.S. Patent No. 9,108,329 ("the '329 patent") and 9,707,689 ("the '689 patent") (collectively, "the Stiles patents" or "the patents-in-suit") by defendant Target Corporation ("Target").

**INTRODUCTION**

1. Sharidan Stiles is an American inventor and entrepreneur who has spent the past two decades designing, marketing, and selling the patented Stiles Razor—a unique, narrow-width razor that improves the safety, precision, and comfort of detailed shaving applications such as eyebrow, bikini, scalp art, mustache, ear, goatee, beard, sideburns, and nose hair removal.

2. The Stiles Razor is made in the USA, and it is protected by multiple United States patents, including a design patent and two utility patents. The inventions underlying the patents-in-suit date back to 1998, and Stiles has been developing, marketing, and selling commercial embodiments of her patented razor designs ever since.

3. Stiles fought for years to get her patented razor onto the shelves at Target, one of America's largest retailers.

4. For example, in January 2010 presentations and emails to Target executives and buyers, Stiles explained that the Stiles Razor was made in the USA; that is was protected by

United States patents; and that no other narrow-width razor of comparable quality, safety, and utility was available in the United States.

5. But Target had no interest in quality; or domestic sourcing; or Stiles's patent rights. Instead, Target waited for Ardell, a beauty supplier, to develop a cheap knock-off of the Stiles Razor—the Ardell Pro Brow Precision Shaper. Target refused to stock Stiles's patented razor, but happily stocked and sold Ardell's knock-off razor in Target stores through the United States.

6. In 2012, in yet another bid to get the Stiles Razor onto Target shelves, Stiles expressly told Target buyers and executives that the Ardell knockoff razors *infringed her patents*. Target never responded. But they kept on selling the Ardell Pro Brow Precision Shaper.

7. In the years since, Stiles has continued to reach out to Target to seek placement in its stores for the Stiles Razor, and to remind it that its continued sale of the Ardell Pro Brow Precision Shaper willfully infringes Stiles's patents.

8. As of the date of this Complaint, Target continues to exclude Stiles's better-quality, USA-made, patented razor from its stores.

9. As of the date of this Complaint, Target continues to willfully infringe Stiles's patents, including the patents-in-suit.

10. This lawsuit seeks to hold Target responsible for its actions, and to remedy the wrongs Target has visited upon Ms. Stiles.

**THE PARTIES**

11. Plaintiff Sharidan Stiles is an American inventor and entrepreneur, and the creator of the patented Stiles Razor. Ms. Stiles lives in Redding, California, and sells her Stiles Razor throughout the United States, including in the Eastern District of Texas.

12. Defendant Target Corporation is a Minnesota corporation, with its headquarters at 1000 Nicollette Mall, Minneapolis, Minnesota. Target is one of the world's largest retailers, and has regular and established places of business throughout the Eastern District of Texas, including at 7003 S. Broadway Ave., Tyler TX 75703. Target is authorized to do business in Texas, and

may be served with process through its registered agent for service of process, CT Corp. Systems, 350 N. St. Paul St., Dallas, Texas 75201.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

14. The Court has personal jurisdiction over Target. Target has committed acts of infringement within the Eastern District of Texas that gave rise to this action—for example, offering to sell and selling the Ardell Pro Brow Precision Shaper at Target stores throughout this district, including but not limited to the Target store at 7003 S. Broadway Ave., Tyler, TX 75703. Target has established minimum contacts with the Eastern District of Texas, including by operating Target stores in this district.

15. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Target has several regular and established places of business in the Eastern District of Texas, including but not limited to the Target store at 7003 S. Broadway Ave., Tyler, TX 75703. Target willfully infringes the patents-in-suit at its regular and established places of business in this judicial district, including by offering to sell and selling the Ardell Pro Brow Precision Shaper at the Target store at 7003 S. Broadway Ave., Tyler, TX 75703.

## STILES'S INVENTIONS AND THE PATENTS-IN-SUIT

16. Sharidan Stiles is the creator, designer, and inventor of the Stiles Razor, a patented, disposable, personal styling razor with a narrow-width blade. The Stiles Razor's innovative, proprietary design addresses the shaving needs of men and women for unique areas of the body such as eyebrows, scalp art, mustache, goatee, beard, sideburns, bikini, and nose hari removal. Stiles's design is characterized by a narrow-width, honed razor blade, a tubular body, and an ergonomically designed grip handle, making personal razor styling safe and easy.



17. Images of the Stiles Razor appear below:




18. The Stiles Razor is made in the USA, and is sold at retailers and online throughout the country—but not at Target, which has consistently refused to respect Stiles's intellectual property.

19. Stiles has devoted the better part of two decades—and nearly all of her savings—to developing, marketing, and selling a better, safer, and more precise personal styling razor. In 1998, Stiles first conceived of the inventions that would underpin her patented razor, including improved handle, head, and blade components. Over the next few years, Stiles worked diligently to reduce to practice and commercialize her inventions, including by filing applications for patent protection on November 1, 2000[1], and November 29, 2000.[2]

---

[1] *See* U.S. Patent Provisional Application No. 60/245,397.
[2] *See* U.S. Patent Application No. 09/725,789.

20. By 2003, Stiles had developed a commercial embodiment of her patented styling razor, the Stiles Razor. For four years, Stiles worked to get the Stiles Razor onto retailer shelves, including outreach to Walmart, Target, and CVS. Stiles's outreach to major retailers emphasized that her innovative razor design was not just uniquely safe and useful, but *patented*.

21. For example, on August 1, 2005, Stiles was negotiating with Norm Nelson and Joe Grady of Walmart's Grooming Department for shelf space for the Stiles Razor. She sent a letter to these Walmart buyers explaining that "[w]e are a small, female owned business and currently have a patent pending for our product." An excerpt of this letter is shown below:



Stiles® Razor Company

2570 Harlan Drive Redding, California, USA
Phone (530) 229-1007 • Fax (530) 229-9007
Website: http://www.stilesrazor.com
Email: sharidan@stilesrazor.com

August 1, 2005
Wal-Mart Stores Inc.,
702 SW 8th Street
Bentonville, Arkansas
Attention: Mr. Norm Nelson
Cc: Mr. Joe Grady
Grooming Department

Dear Norm,

I appreciate your recent consideration and opinion however after our recent conversation and your direction, I feel I must offer further explanation and the history of our product pursuit for Wal-Mart. We are the first and only specialty safety razor company to provide a razor that shaves detail areas such as eyebrows, mustache, goatee, sideburns, scalp & bikini art.

We are small, female owned business and currently have a patent pending for our product.

22. At the time of Stiles's mid-2000s outreach to Walmart, Target, and CVS, a single patent application was pending for the Stiles Razor: U.S. Patent Application No. 10/648,686, which eventually issued as the '329 and '689 patents asserted in this case.

23. In 2006—after nearly a decade of hard work developing, perfecting, marketing, and protecting the inventions behind the Stiles Razor—Stiles's ingenuity and hustle finally bore fruit. That year, Norm Nelson of Walmart agreed to a test run of Stiles' products. The Stiles Two-Pack Women's and Stiles Two-Pack Men's Metro Razor would be placed in sidekick

displays[3] in the Wet Shave department of five hundred Walmart stores around the country for three-and-a-half weeks.

24. The Stiles Razors performed well during the 2006 sidekick test run, selling 87% of Stiles's women's razors and 83% of Stiles's men's razors.

25. Following their successful test run, Stiles Razors were placed in the Wet Shave Department at nearly two thousand Walmart stores in 2007.

26. Stiles Razor sales exceeded expectations at Walmart. By 2008, Stiles Razors were offered for sale at 3,600 Walmart stores throughout the United States.

27. Throughout this period, Stiles sought to have her high-quality, patented razor carried in other major retailers, including Target. Target declined to carry the Stiles Razor.

28. Instead, in 2008, Target began selling a lower-quality knockoff of the Stiles Razor made by Ardell, a Target supplier that controls 73% of the disposable styling razor market in the United States. On information and belief, collaborated with Ardell to bring this knockoff—the Ardell Pro Brow Precision Shaper—to market so that Target could offer an alternative to the popular Stiles Razor without actually paying for the quality and innovation of the Stiles Razor itself.

29. The Ardell Pro Brow Precision Shaper infringes Stiles's patents, including the patents-in-suit. For example, the Ardell Pro Brow Precision Shaper infringes at least claims 11-14 of the '329 patent, and at least claims 9-13 and 16-18 of the '689 patent.

30. Target has known for years about Stiles's patents. For example, in January 2010, as part of Stiles's multi-year outreach to get the Stiles Razor onto Target shelves, a Stiles Razor merchandiser had several meetings, presentations, and communications with Target executives and buyers. During these January 2010 presentations and communications, the Stiles Razor merchandiser told Target executives and buyers the following (among other things):

---

[3] A sidekick display attaches to the side of an aisle end-cap or is placed in strategic locations in-store, and is typically used for smaller retail products (for example, razors).

As for advertising; we are open to advertising on the Target website or Tar=et sales paper. Cost $2.09 Retail $3.49 GP%=40%

Please let me know what you think and also if you need any more information= I am willing to take your advice and strategy.

This product is made in America. We have the patent. No other e=ebrow shaper or razor will ever be 1/4 or 1/8th of an inch wide. The =ther products are tried by consumer and then the sales decrease. We h=ve repeat customers.

We are only in Wal-Mart at this time. Our website will be updated as =e grow with mentioning other stores on it.

Attached is sidekick/display we did in 2008 at Wal-Mart. We would nee= no more than 8 weeks to be able to produce and ship for all stores, reason=is packaging. If Target would like to do a promotion or test for our =roduct we would be able to fulfill your request.

- We have the patent on the only **shaving razor** of this siz= of blades. No one will ever be able to produce this type of safety r=zor.
- We are **not a trimmer**. (All other products copy our con=ept but do not shave safely or accurately).
- We are made in the USA.
- We are Women owned business.
- This product is tried and true and has not declined in sales, it is=not a one time only product like the "finishing touch". C=stomers use it and appreciate the fact that it works and will purchase agai=.
- (Bonus) our manufacturing, packaging, shipping are all in ILL=

31. On information and belief, further information regarding Stiles's patents, including the patent application publication number for Stiles's utility patent (U.S. Patent Application Publication No. 2008/0040936, which issued as the '329 patent and was the parent of the '689 patent), was provided to Target buyers and executives before, during, and after the January 2010 meetings and presentation.

32. In April 2011, Stiles again approached Target—this time through a merchandiser at the Moscoe Group—about the Stiles Razor. Again, Stiles specifically informed Target about her pending patent, U.S. Patent Application Publication No. 2008/0040936, which led to the patents-in-suit. Moreover, Stiles specifically informed Target *that the Ardell razor on its shelves was infringing the Stiles patents*:

Sharidan,
Thank you for your time as well. We have gone back to the buyer in BEAUTY and shared the possible benchmark for 7-8pcs per store per week with the SRP of $3.49. That may trigger some initial reaction. I also mentioned that Ardell is infringing potentially on your patent and may be in jeopardy long term. We will see what response we receive.

As we discussed, we don't have a real reason to go back to Shave. She knew about the program from Kathy Mazon and did refuse. We would need a much larger Kit or CORE shave presence to go there and compete. The Men's Alley that I spoke about could be interesting as you develop your men's line. I would like to definitely be kept abreast of that program as it further develops.

Thanks!

33. Again, Target did nothing other than continuing its knowing, lucrative infringement of Stiles's patents.

34. Over the next few years, Stiles continued to approach Target, to seek a place on its shelves for the Stiles Razor, and to notify Target that it was infringing the patents-in-suit by selling the Ardell Pro Brow Precision Shaper. Target ignored Stiles's entreaties, and continued to undercut the market for Stiles's patented product by selling a cheap, infringing knockoff.

35. For years, Target has known that the Stiles Razor was patented, and that the Ardell Pro Brow Precision Shaper infringes Stiles's patents. Target demanded that Ardell make the Pro Brow Precision Shaper anyway; it excluded the patented Stiles Razor from its shelves; and it continues to sell the Ardell Pro Brow Precision Shaper to this day, including in the Eastern District of Texas.

36. As soon as Target introduced its Ardell knockoff of the Stiles Razor, Stiles's sales reports at Walmart began to decline. Soon, other retailers, including CVS, began selling the Ardell knockoff. Target's infringement undercut the market for Stiles's high quality, patented razor, and eventually Walmart moved to follow suit, asking Ardell's parent company to manufacture its own knockoff of the Stiles Razor.

37. With widespread, willful infringement of her patents by Target, Walmart, and CVS, Stiles has been unable to profitably compete. Stiles's damages from Target's infringement of the patents-in-suit are estimated to be no less than 7 million dollars, before any willfulness enhancement.

38. In this lawsuit against Target, Stiles seeks to set things right: to return the Stiles Razor to its rightful place on retailer shelves and in American households; to recover what Stiles is owed by Target for its willful infringement of her patents; and to hold Target accountable for its flagrant, years-long disregard for Stiles's intellectual property rights.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 9,108,329**

39. Stiles realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40. Stiles is the inventor and assignee of U.S. Patent No. 9,108,329 ("the '329 patent").

41. A true and correct copy of the '329 patent is attached to this Complaint as Exhibit A.

42. The '329 patent was filed July 10, 2007, and claims priority to (among others) U.S. Patent Application No. 09/725,789, filed November 29, 2000, and U.S. Patent Provisional Application No. 60/830,952, filed November 1, 2000.

43. The '329 patent discloses and claims inventions that Stiles first conceived of in 1998, and that Stiles diligently reduced to practice without abandoning, suppressing, or concealing them.

44. The '329 patent issued August 18, 2015, after years of delay by the USPTO. Based on the USPTO's delay, the '329 patent is entitled to a lengthy patent term extension ("PTE").

45. At the '329 patent's issuance, the USPTO calculated a PTE of 740 days, such that the '329 patent expires no earlier than December 9, 2022. However, on information and belief, the '329 patent is entitled to a longer PTE than 740 days, based on the nearly fifteen-year delay between Stiles's originally-filed application and the issuance of the '329 patent.

46. The '329 patent is valid and enforceable.

47. Stiles is the assignee of the '329 patent, and has all right, title, and interest in the '329 patent.

48. Target directly infringes at least claims 11-14 of the '329 patent.

49. For example, Target offers for sale and sells in the United States the Ardell Pro Brow Precision Shaper, which is pictured below:





50. The Ardell Pro Brow Precision Shaper is a personal shaving razor for shaving unwanted hair from a body surface—e.g., an eyebrow.

51. As can be seen in the above left image, the Ardell Pro Brow Precision Shaper comprises a handle portion, and a head portion attached to the handle portion.

52. As shown in the above right image, the head portion of the Ardell Pro Brow Precision Shaper comprises a razor blade with a straight cutting portion that is disposed substantially perpendicular to a longitudinal axis of its handle. This straight cutting portion extends beyond all other parts of the head portion by about 0.02 inches.

53. The head portion and blade of the Ardell Pro Brow Precision Shaper are less than or equal to about 1/4 inch wide (approx. 0.31 inch wide).

54. The Ardell Pro Brow Precision Shaper has an overall length less than or equal to about 3.5 inches (approx. 3.75 inches long).

55. The handle portion of the Ardell Pro Brow Precision Shaper has an upper longitudinal portion (a skinny, downward-slated logitudinal portion) and a lower longitudinal portion (a thick, upward-slanted logitudinal portion). The longitudinal axes (e.g., tangents, to account for curvature) of the two longitudinal portions form an obtuse angle of approximately 135 degrees.

56. The handle portion of the Ardell Pro Brow Precision Shaper has a handle portion that has a maximum width of less than or equal to about 3/8 inch (approx. .38 inch).

57. The Ardell Pro Brow Precision Shaper comprises a head portion that is substantially normal to the logitudinal axis of the upper handle portion.

58. Although the head portion of the Ardell Pro Brow Precision Shaper is difficult to dissassemble by design, breaking apart the head portion reveals a razor blade with two corner portions (used to affix the blade within the head of the razor) and a straight cutting edge portion.

59. The head portion and blade of the Ardell Pro Brow Precision Shaper are about 1/8 to 3/8 inch in length (approximately 0.38 inches in length).

60. The Ardell Pro Brow Precision Shaper comprises no more than one head portion.

61. The head portion of the Ardell Pro Brow Precision Shaper comprises no more than one blade.

62. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the ‘329 patent.

63. As described earlier in this Complaint, Target’s infringement of the ‘329 patent is willful. Target knew about Stiles’s patents, including the application that gave rise to the ‘329 patent, and deliberately chose to infringe by selling the Ardell Pro Brow Precision Shaper instead of stocking the superior, patented Stiles Razor on Target shelves.

64. As a result of Target’s infringement of the ‘329 patent, Stiles has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Amazon’s

infringement, but in no event less than her lost profits, a reasonable royalty for the use made of the invention by Target, enhanced damages for willful infringement, interest and costs as fixed by the Court, and a permanent injunction on the sale of Ardell's infringing Pro Brow Precision Shaper by Target.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,707,689

65. Stiles realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

66. Stiles is the inventor and assignee of U.S. Patent No. 9,707,689 ("the '689 patent").

67. A true and correct copy of the '689 patent is attached to this Complaint as Exhibit B.

68. The '689 patent was filed August 6, 2015, and claims priority to (among others) U.S. Patent Application No. 09/725,789, filed November 29, 2000, and U.S. Patent Provisional Application No. 60/830,952, filed November 1, 2000.

69. The '689 patent discloses and claims inventions that Stiles first conceived of in 1998, and that Stiles diligently reduced to practice without abandoning, suppressing, or concealing them.

70. The '689 patent issued July 18, 2017, after years of delay by the USPTO. Based on the USPTO's delay, the '689 patent is entitled to a lengthy patent term extension ("PTE").

71. At the '689 patent's issuance, the USPTO calculated a PTE of 68 days, such that the '689 patent expires no earlier than February 5, 2021. However, on information and belief, the '689 patent is entitled to a longer PTE than 68 days, based on the nearly fifteen-year delay between Stiles's originally-filed application and the issuance of the '689 patent's parent, the '329 patent.

72. The '689 patent is valid and enforceable.

73. Stiles is the assignee of the '689 patent, and has all right, title, and interest in the '689 patent.

74. Target directly infringes at least claims 9-13 and 16-18 of the '689 patent.

75. For example, Target offers for sale and sells in the United States the Ardell Pro Brow Precision Shaper, which is pictured below:





76. The Ardell Pro Brow Precision Shaper is a personal shaving razor for shaving unwanted hair from a body surface—e.g., an eyebrow.

77. As can be seen in the above left image, the Ardell Pro Brow Precision Shaper comprises a handle portion, and a head portion attached to the handle portion.

78. As shown in the above right image, the head portion of the Ardell Pro Brow Precision Shaper comprises a razor blade with a straight cutting portion that is disposed substantially perpendicular to a longitudinal axis of its handle. This straight cutting portion extends beyond all other parts of the head portion by about 0.02 inches.

79. Although the head portion of the Ardell Pro Brow Precision Shaper is difficult to dissassemble by design, breaking apart the head portion reveals a razor blade with two corner portions (used to affix the blade within the head of the razor) and a straight cutting edge portion.

80. The head portion and blade of the Ardell Pro Brow Precision Shaper are less than or equal to about 1/2 inch wide (approx. 0.31 inch wide).

81. The head portion of the Ardell Pro Brow Precision Shaper is wider than the razor blade.

82. The razor blade Ardell Pro Brow Precision Shaper comprises first and second side edges connected to the cutting edge portion of the razor by the corner portions of the blade, wherein the head portion comprises a corner guard. As noted above, this configuration is not readily ascertainable in regular operation of the razor, but can be identified upon breaking open the head portion of the Ardell Pro Brow Precision Shaper.

83. The handle portion of the Ardell Pro Brow Precision Shaper has an upper longitudinal portion (a skinny, downward-slated logitudinal portion) and a lower longitudinal portion (a thick, upward-slanted logitudinal portion). The longitudinal axes (e.g., tangents, to account for curvature) of the two longitudinal portions form an obtuse angle of approximately 135 degrees.

84. The handle portion of the Ardell Pro Brow Precision Shaper has a handle portion that has a maximum width of less than or equal to about 3/8 inch (approx. .38 inch).

85. The Ardell Pro Brow Precision Shaper has an overall length less than or equal to about 3.5 inches (approx. 3.75 inches long).

86. The head portion and handle portion of the Ardell Pro Brow Precision Shaper, with the exception of the blade, are made of a single piece of molded plastic.

87. The Ardell Pro Brow Precision Shaper comprises no more than one head portion.

88. The head portion of the Ardell Pro Brow Precision Shaper comprises no more than one blade.

89. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the ‘689 patent.

90. As described earlier in this Complaint, Target’s infringement of the ‘689 patent is willful. Target knew about Stiles’s patents, including the application that gave rise to the ‘689

patent, and deliberately chose to infringe by selling the Ardell Pro Brow Precision Shaper instead of stocking the superior, patented Stiles Razor on Target shelves.

91. As a result of Target's infringement of the '689 patent, Stiles has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Amazon's infringement, but in no event less than her lost profits, a reasonable royalty for the use made of the invention by Target, enhanced damages for willful infringement, interest and costs as fixed by the Court, and a permanent injunction on the sale of Ardell's infringing Pro Brow Precision Shaper by Target.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sharidan Stiles respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff Stiles that Target has infringed, either literally and/or under the doctrine of equivalents, the ‘329 patent and the ‘689 patent;

B. An award of damages resulting from Target’s acts of infringement in accordance with 35 U.S.C. § 284, including an enhancement for Target’s willful infringement;

C. A determination that this case is exceptional and an award of attorney’s fees to Stiles pursuant to 35 U.S.C. § 285;

D. A judgment and order requiring Target to provide accountings and to pay supplemental damages to Stiles, including, without limitation, prejudgment and post-judgment interest; and

E. Any and all other relief to which Stiles may show herself to be entitled.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Stiles requests a trial by jury of any issues so triable by right.

Dated: June 6, 2019

Respectfully submitted,

/s/ David L. Hecht ___________

David L. Hecht (NY 4695961)
PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
277 Park Avenue, 45th Floor
New York, NY 10172
Telephone: (212) 484-9866
Fax: (646) 968-4125
dhecht@piercebainbridge.com

Brian J. Dunne (CA 275689)
PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
355 S. Grand Ave. 44th Floor
Los Angeles, CA 90071
Telephone: (213) 262-9333
Fax: (213) 279-2008
bdunne@piercebainbridge.com

OF COUNSEL:

Harmeet K. Dhillon (*pro hac vice* to be requested)
DHILLON LAW GROUP
177 Post St. #700
San Francisco, CA 94108
Telephone: (415) 433-1700
Fax: (415) 520-6593
harmeet@dhillonlaw.com

*Attorneys for Plaintiff Sharidan L. Stiles*