**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **SHARIDAN L. STILES,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 4:19-cv-00417-ALM** |
| | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TARGET CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>DEFENDANT TARGET CORPORATION'S MOTION TO STAY OR IN THE ALTERNATIVE TO TRANSFER</u>

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ............................................................................................................. 1

II.    FACTUAL BACKGROUND OF NEARLY IDENTICAL OVERLAPPING
CALIFORNIA AND TEXAS CASES. ................................................................................ 2

    A.    This years-long dispute began, and continues to the present, in the Eastern District of
California. .............................................................................................................................. 2

    B.    Subsequent, recent cases filed in the Eastern District of Texas belong in the Eastern
District of California .......................................................................................................... 5

III.    LEGAL STANDARD – FIRST-TO-FILE RULE ............................................................. 7

IV.    PURSUANT TO THE FIRST-TO-FILE RULE, THE TEXAS CASE AGAINST
TARGET SHOULD BE STAYED IN DEFERENCE TO THE EASTERN DISTRICT OF
CALIFORNIA BECAUSE THE PENDING CALIFORNIA CASE AND TEXAS CASE
ARE NEARLY IDENTICAL ............................................................................................ 8

V.    THE CUSTOMER SUIT EXCEPTION ALSO WARRANTS THAT THIS CASE BE
STAYED. ........................................................................................................................... 11

VI.    CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Cedars-Sinai Med. Ctr. v. Shalala*,
125 F.3d 765 (9th Cir.1997) ........................................................... 8

*Elecs. for Imaging, Inc. v. Coyle*,
394 F.3d 1341 (Fed. Cir. 2005)..................................................... 7, 8

*Fundamental Innovation Systems International, LLC v. Apple, Inc.*,
Civ. A. No. 2:19-cv-00048-JRG (E.D. Tex. May 13, 2019) ................................. 10, 11

*Genentech, Inc. v. Eli Lilly and Co.*,
998 F.2d 931 (Fed. Cir. 1993)................................... 1, 7, 8, 10, 11

*Helene Curtis Indus. v. Sales Affiliates*,
105 F. Supp. 886 (S.D.N.Y.).......................................... 14, 15

*Hilbun v. Goldberg*,
823 F.2d 881 (5th Cir.1987) ......................................... 9

*Kahn v. Gen. Motors Corp.*,
889 F.2d 1078 (Fed. Cir. 1989)............................... 11, 12, 14

*Lab Corp. of Am. v. Chiron Corp.*,
384 F.3d 1326 (Fed. Cir. 2004)....................................... 7, 8

*Micron Tech, Inc. v. MOSAID Techs., Inc.*,
518 F.3d 897 (Fed. Cir. 2008)......................................... 8

*RPost Holdings, Inc. v. Sophos, Inc.*,
Civ. A. No. 2:13-cv-959-JRG, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014).................... 10, 11

*Serco Services Co., L.P. v. Kelley Co., Inc.*,
51 F.3d 1037 (Fed. Cir. 1995)........................................ 8

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*,
458 F.3d 1335 (Fed. Cir. 2006).................................... 12, 14

*Telephonics Corp. v. Lindly & Co.*,
192 F. Supp. 407 (E.D.N.Y. 1960) .......................................... 15

*Vantage Point Tech., Inc. v. Amazon.com, Inc.*,
Civ A. No. 2:13-CV-909, 2015 WL 123593 (E.D. Tex. Jan. 6, 2015)................. 12, 14

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
917 F.2d 1574 (Fed. Cir. 1990)................................................................................................ 10

**Secondary Source**

14D Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Juris. §3823 (3d ed. 2011).................. 1, 8

## I.     __INTRODUCTION__

The instant case against Defendant Target Corporation ("Target") should be stayed under the first-to-file rule, and/or the customer suit exception.  In the alternative, the instant case should be transferred to the Eastern District of California where Plaintiff long ago elected to litigate her patent infringement claims against the products at issue.  *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); 14D Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Juris. §3823 (3d ed. 2011).

This case is nearly identical to Plaintiff's pending suit filed almost five years ago in September, 2014 in the United States District Court for the Eastern District of California.  Case No. 2:14-cv-02234-MCE-DMC (E.D. Cal. September 25, 2014) ("Pending California Action").  Both the instant case and the Pending California Action concern Plaintiff's claims that the Ardell Precision Shaper product manufactured by Target's supplier, American International Industries ("AI"), infringes Plaintiff's patents.

Prior to that suit, Plaintiff initiated this litigation against AI in E.D. Cal. in July of 2014 – seeking money damages, civil penalties, attorneys' fees, and injunctive relief for alleged unfair business practices, trademark infringement, and anti-trust violations.  Case No. 2:14-cv-01637-JAM-CMK-PS (the "Initial California Action").  At the heart of all of these cases is Plaintiff's allegedly patented, smaller-sized disposable razors—the "Stiles Razors"—and business competition related thereto.  Case No. 2:14-cv-01637-JAM-CMK-PS, Amended Complaint (Dkt. No. 4).

The Pending California Action (a "first-filed action" for purposes of the first-to-file rule) involves claims of infringement of Stiles' Razor patents, violations of the Sherman Act and Lanham Act, as well as California state law claims, trade dress infringement, and intentional

1

interference with prospective economic advantage.  However, Plaintiff's allegations are centered on the Defendants' alleged selling and/or making smaller-sized disposable razors under two different brand names – Salon Perfect and Ardell, both manufactured by AI.  *See* Pending California Action, Case No. 2:14-cv-02234-MCE-DMC, Fourth Amended Complaint (Dkt. No. 142) at ¶¶ 50-51.  Plaintiff's allegations herein likewise involve AI's Ardell branded razors, this time being sold by Target.  The cases therefore involve the same questions of law and fact and subject matter, and are largely indistinguishable.  For efficiency, consistency and judicial comity, this later-filed Texas case should be stayed, or in the alternative transferred, until the pending California matter is resolved.[1]

## II.   FACTUAL BACKGROUND OF NEARLY IDENTICAL OVERLAPPING CALIFORNIA AND TEXAS CASES.

### A.   This years-long dispute began, and continues to the present, in the Eastern District of California.

In the Initial California Action, Plaintiff *pro se* filed a lawsuit against retailer Wal Mart Stores, Inc. [*sic*] (currently known as "Walmart Inc."), Pacific World Corp., AI, and Coty, Inc.. Case No. 2:14-cv-01637-JAM-CMK-PS (E.D. Cal. July 15, 2014).  In its Amended Complaint (Dkt. No. 4) Plaintiff alleged: (1) unfair business practices and unfair competition under California law; (2) federal trademark infringement; (3) common law trademark infringement and unfair competition; and (4) federal anti-trust and collusion.  That action concerned Plaintiff's product line called the "'STILES RAZOR', which is a variety of razors comprised of various narrow-width blades of 1 inch and smaller…for different detailed shaving applications, *i.e.*, goatee, eyebrows,

---

[1] On July 1, 2019, AI filed a Complaint for Declaratory Relief again Sharidan Stiles in E.D. Cal. Case No. 2:19-cv-01218-WBS-EFB, Dkt. No. 1.  That Complaint seeks a declaration that AI be found not to infringe U.S. Patent No. 9,707,689 ("the '689 Patent"), a continuation of U.S Patent No. 9,108,329 ("the '329 Patent") claiming minor design revisions, and that each claim of the '689 Patent be found to be both invalid and unenforceable.  Moreover, in that Complaint, AI informs the California Court of the instant Complaint filed in E.D. Tex.  *Id.* at ¶¶ 2, 14-17.

bikini, body, toes, scalp, mustache, nose and ear." *Id.* at ¶ 12.

As asserted in the Initial California Action and the instant case, Plaintiff claims to be the creator of the alleged invention and to have begun the patenting process back in 1998. *Id.; see also* Complaint for Patent Infringement ("Target Complaint"), Dkt. No. 1 at ¶ 2, Civ. A. No. 4:19-cv-00417-ALM (E.D. Tex. June 6, 2019). In the Initial California Action, Plaintiff's claims are based on the allegedly patented "Stiles Razor" pitted against an alleged competing product branded "Salon Perfect" (in specific the "Salon Perfect Micro Razor") manufactured by AI and allegedly sold by Walmart. *See* Initial California Action, Amended Complaint at ¶¶ 17, 20, 31, 32, 35, and 43. AI and the other defendants eventually filed motions to dismiss or motions for judgment on the pleadings in response to Plaintiff's claims in the Initial California Action. In lieu of substantively responding to those dispositive motions, Plaintiff elected to dismiss her claims without prejudice. *See* Initial California Action, Case No. 2:14-cv-01637-JAM-CMK-PS, Order of Dismissal Dec. 9, 2014 (Dkt. No. 43).

However, before dismissing her claims in the Initial California Action, on September 25, 2014, Plaintiff, individually again, and along with STILES 4 YOU, INC. in a later-filed amended complaint, filed *another* lawsuit – the Pending California Action, in E.D. Cal. against Wal-Mart Stores, Inc. (currently known as "Walmart, Inc."), AI, and DOES 1-100. Case No. 2:14-cv-02234-MCE-DMC. As of July 10, 2018, Plaintiff, by her Fourth Amended Complaint, is alleging infringement of U.S. Patent No. 9,108,329 ("'329 Patent") by virtue of AI's manufacture and Walmart's sales of the Precision Shaper product sold under AI's Salon Perfect and Ardell brands.[2]

---

[2] Plaintiff's Fourth Amended Complaint in the Pending California Action also alleges several other claims generally relating to the Stiles Razor and the Precision Shaper and Micro Razor products manufactured by AI, including: (1) violation of the Sherman Act; (2) violation of the California Cartwright Antitrust Act; (3) infringement of U.S. Patent No. D542, 468 ("'468 Patent"); (4) infringement of U.S Patent No. 9,108,329 ("'329 Patent"); (5) trade dress infringement in violation of the Lanham Act; (6) false advertising and false

3

In support of her seven claims, Plaintiff makes various allegations that involve nearly identical claims, products, and parties as the instant case:

(1) "Stiles' **patented** design" (emphasis added) and the competing "Salon Perfect Micro Razor" are asserted and alleged (*Id.* at ¶¶ 150, 152);

(2) "In furtherance of aforesaid conspiracy, Defendants have combined and conspired to boycott Stiles, to suppress the growth of the **Stiles Razor**, and to eliminate Stiles from the market for Disposable Personal Styling Razors." (emphasis added) (*Id.* at ¶ 157);

(3) "…**disposable personal styling razors** [allegedly] covered by the **'468 [Design] Patent**…" are accused (emphasis added) (*Id.* at ¶ 163);

(4) "…**disposable personal styling razors** [allegedly] covered by the **'329 [Utility] Patent**…" are accused (emphasis added) (*Id.* at ¶ 169);[3]

(5) "Defendants' acts are calculated to deceive, or area likely to deceive, the public, which recognizes and associates the Stiles Razor Trade Dress with the **Stiles Razor**." (emphasis added) (*Id.* at ¶ 179);

(6) "Defendants copied **Stiles' patented razor** in such a way as to unfairly compete in the marketplace by drawing a false association between **Defendants' product** [*] **and Stiles**." (emphasis added) (*Id.* at ¶ 182) (*Here "product" apparently refers to both Walmart store-brand name, Salon Perfect razors (*Id.* at ¶¶ 2, 66) and AI's manufacturing of the Ardell brand razors, *i.e.* – Ardell Brow Precision Shaper (*Id.* at ¶ 50). The Plaintiff specifically alleges that Walmart sells AI's razors under the Salon Perfect Brand. *Id.* at ¶ 51 and ¶¶ 64-66; and,

(7) "In intentionally disrupting and interfering with Plaintiff's **prospective business and economic relationships** as alleged herein, Defendant's conduct has been willful, oppressive, malicious, and despicable." (emphasis added) (*Id.* at ¶ 192).

In addition, Plaintiff implicates Target, alleging that "American Industries agreed to sell its competing product, the Ardell Precision Shaper, at CVS and **other retailers**, but not at Walmart (*Id.* at ¶ 117) (emphasis added).  According to Plaintiff, the term "other retailers" includes Target. *Id.* at ¶ 97. ("Stiles has attempted to sell her razors to **other retailers** . . . including, but not limited

---

association in violation of the Lanham Act; and (7) intentional interference with prospective economic advantage. *Id.*

[3] Plaintiff's Fourth Amended Complaint does not list any specific claims of the '329 Patent in the allegations.

to . . . **Target** . . ." (emphasis added).

Despite the above history, Plaintiff needlessly expands the existing litigation to include Target, along with other retailers, here in the Eastern District of Texas, when these very issues continue to be litigated and should be resolved in the Eastern District of California.

**B.**     **Subsequent, recent cases filed in the Eastern District of Texas belong in the Eastern District of California**

As shown below, Plaintiff's Complaint against Target filed in E.D. Tex. on June 6, 2019, is nearly identical to the Pending California Action filed nearly 5 years ago:[4]

| 2:14-cv-02234; *Stiles v. Walmart, et al* – **Fourth Amended Complaint** | 4:19-cv-00417-ALM; *Stiles v. Target Corporation* – **Target Complaint** |
|---|---|
| 22. **In 2003, Stiles first contacted Walmart to discuss selling the Stiles Razor.** She was directed to Michael Grimm, the Buyer in Divisional New Products in the Wet Shave Department. Grimm suggested to Stiles that in order to work with Walmart, she would need to be able to replenish her razors quickly. From 2003 to 2005, Stiles established manufacturing relationships that would enable her to replenish her product quickly and redesigned her product to make it more cost-effective to produce. | 20. **By 2003,** Stiles had developed a commercial embodiment of her patented styling razor, the Stiles Razor. **For four years, Stiles worked to get the Stiles Razor onto retailer shelves, including outreach to Walmart,** Target, and CVS. Stiles's outreach to major retailers emphasized that her innovative razor design was not just uniquely safe and useful, but *patented*. |
| 23. **In 2005, Norm Nelson, the then Buyer in the Wet Shave Department at Walmart, in Bentonville, Arkansas met with Stiles**. | 21. **For example, on August 1, 2005, Stiles was negotiating with Norm Nelson and Joe Grady of Walmart's Grooming Department for shelf space for the Stiles** |

---

[4] Plaintiff Sharidan Stiles also filed a mirrored Complaint for Patent Infringement here in E.D. Tex. against CVS Pharmacy, Inc. the next day, on June 7, 2019.  Civ. A. No. 4:19-cv-00418-ALM, Dkt. No. 1. Defendant Target understands that CVS is filing a similar Motion to Stay or Transfer in that matter.  In addition, on June 7, 2019, Plaintiff also filed a very similar complaint against Wal-Mart Stores, Inc. in E.D. Tex.  Civ. A. No. 4:19-cv-00420-ALM.  Defendant Target understands that Walmart will also file its own motion based on the first-to-file rule in that separate, third case.  And lastly, Plaintiff has filed another like-case against H-E-B, LP in E.D. Tex. – Civ. A. No. 4:19-cv-00489-ALM, Complaint for Patent Infringement (Dkt. No. 1), July 3, 2019.

| | |
|---|---|
| Stiles presented the Stiles Razor prototypes to Nelson. | **Razor.** She sent a letter to these Walmart buyers explaining that "[w]e are a small, female owned business and currently have a patent pending for our product." An excerpt of this letter is shown below: |
| 24. **The following year, in 2006, Nelson agreed to a test run of Stiles' products.** Walmart agreed that Stiles' Two-Pack Women's Razor and the Two-Pack Men's Metro Razor would be placed in sidekick displays in the Wet Shave department in 500 Walmart stores for three and a half weeks. | 23. **In 2006**—after nearly a decade of hard work developing, perfecting, marketing, and protecting the inventions behind the Stiles Razor—Stiles's ingenuity and hustle finally bore fruit. **That year, Norm Nelson of Walmart agreed to a test run of Stiles' products.** The Stiles Two-Pack Women's and Stiles Two-Pack Men's Metro Razor would be placed in sidekick displays[3] in the Wet Shave department of five hundred Walmart stores around the country for three-and-a-half weeks. |
| 25. **Sidekick displays attach to the sides of an aisle end-cap or are placed in various locations in-store and are typically used for smaller products, as in this instance for razors.** | FN. 3. **A sidekick display attaches to the side of an aisle end-cap or is placed in strategic locations in-store, and is typically used for smaller retail products (for example, razors).** |
| 26. **Stiles' Razors performed well during the 2006-sidekick test run, selling 83% in Men's and 87% in Women's.** | 24. **The Stiles Razors performed well during the 2006 sidekick test run, selling 87% of Stiles's women's razors and 83% of Stiles's men's razors.** |
| 27. **Following the successful test run, Stiles' razors were placed in the Wet Shave Department in 1,500 to 2,000 Walmart stores in 2007.** Stiles was informed by Walmart that if she was selling 2 units per store/per week, the razors would continue to be sold by Walmart; in other words, she was "safe," and that if she was selling 4 units per store per week, that that [*sic*] was "great" product performance. | 25. **Following their successful test run, Stiles Razors were placed in the Wet Shave Department at nearly two thousand Walmart stores in 2007.** |

| 28. **Stiles Razor sales exceeded expectations.** In 2007, Stiles averaged 4 units per week/per store in the Wet Shave Department in Walmart stores. | 26. **Stiles Razor sales exceeded expectations at Walmart.** By 2008, Stiles Razors were offered for sale at 3,600 Walmart stores throughout the United States. |
|---|---|
| 29. Stiles began working with a new Buyer in the Wet Shave department at Walmart, Shannon Petree, in 2007. **Walmart then placed Stiles' products in approximately 3,600 Walmart stores in 2008.** Stiles' products continued to perform well and sales were growing. Stiles' products were selling approximately six units per store/per week in 2008. | 26. Stiles Razor sales exceeded expectations at Walmart. **By 2008, Stiles Razors were offered for sale at 3,600 Walmart stores throughout the United States.** |

Plaintiff in Texas raises two causes of action against Target:  (1) alleged infringement of claims 11-14 of the '329 Patent; and (2) alleged infringement of claims 9-13 and 16-18 of the '689 Patent. *Id.* at ¶¶ 48, 74.  The '329 Patent, also asserted in the Pending California Action, is the parent of the '689 Patent, which issued on July 18, 2017.  *Id.* at ¶ 71.[5]  Both patents share the same specification.  The accused product ("Ardell Pro Brow Precision Shaper") is the same in both actions.  *Id.* at ¶ 29.  As explained herein, the overlap and substantial similarity between the Target Complaint and the earlier filed Pending California Action is so great as to require the Texas action to be stayed pursuant to the first-to-file rule, as well as the customer suit exception.[6]

## III.   LEGAL STANDARD – FIRST-TO-FILE RULE

Federal Circuit law governs application of the first-to-file rule because both the instant case

[5] Plaintiff readily admits, "The '689 patent discloses and claims inventions that Stiles first conceived of in 1998, and that Stiles diligently reduced to practice without abandoning, suppressing, or concealing them." Target Complaint at ¶ 69.

[6] To the extent Plaintiff's addition of the dependent '689 Patent—a co-terminal continuation of the '329 Patent—has any bearing on the comparison of the claims in Texas and California, AI filed a Complaint for Declaratory Relief against Sharidan Stiles in E.D. Cal.  Case No. 2:19-cv-01218-WBS-EFB, Dkt. No. 1 (E.D. Cal July 1, 2019), seeking a determination that the Precision Shaper product does not infringe the '689 Patent.  AI expects that this declaratory relief matter will be coordinated or consolidated with the earlier-filed Pending California Action.

and the Pending California Action concern alleged patent validity and infringement. *See Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (in a first-filed declaratory judgment action involving issues of patent infringement, validity and enforceability, and claims of violation of antitrust law and state tort and contract law, the Federal Circuit applied its own law); *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005); *Lab Corp. of Am. v. Chiron Corp.*, 384 F.3d 1326, 1331 (Fed. Cir. 2004).

"The general rule is that the case first filed takes priority, and the subsequently filed suit should be dismissed or transferred or **stayed**."  14D Wright, A. Miller & M. Kane, Fed. Prac. & Proc. Juris. §3823 (3d ed. 2011) (emphasis added); *Micron Tech, Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008); *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir.1997) (the court has discretion to transfer, stay or dismiss the second case in the interest of efficiency and judicial economy).  The Federal Circuit applies the well-established general rule that "the forum of the first-filed case is favored," even if it is declaratory, unless there is a sound reason why this rule would be unjust or inefficient as applied to particular set of facts.  *See Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995); *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993).  This doctrine provides that if: (1) actions filed in two different courts involve (2) nearly identical parties and (3) nearly identical issues, the court in which the first suit was filed generally should proceed to judgment.  *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

IV.     **PURSUANT TO THE FIRST-TO-FILE RULE, THE TEXAS CASE AGAINST TARGET SHOULD BE STAYED IN DEFERENCE TO THE EASTERN DISTRICT OF CALIFORNIA BECAUSE THE PENDING CALIFORNIA CASE AND TEXAS CASE ARE NEARLY IDENTICAL**

This instant case satisfies the above factors.  First, this action was filed on June 6, 2019,

nearly 5 years after the first-filed Complaint in the Pending California Action.[7]

Second, the parties in this action are nearly identical to the parties in the Fourth Amended Complaint in the Pending California Action.  Plaintiff Sharidan Stiles is in both cases.[8]  There is only one manufacturer in interest in both cases – AI.  While AI is not a named party in the Target Complaint, according to Plaintiff, AI is "the company behind Ardell" and "Ardell's parent company."[9] *See Stiles v. Wal-Mart Stores*, Inc., Civ. A. No. 4:19-cv-00420-ALM, First Amended Complaint for Patent Infringement, Dkt. No. 11 at ¶ 8 (E.D. Tex. July 3, 2019) and Target Complaint at ¶ 36, respectively.  Retailers are in both suits, Walmart in California and Target in Texas, although as pointed out above, Plaintiff makes allegations applicable to Target in the Pending California Action.  *See* Fourth Amended Complaint at ¶¶ 97, 108 f., 117.

Third, the legal and factual issues raised in this matter are identical to the Pending California Action.  Namely, both cases involve: the same or similar asserted patents ('329 Patent asserted in both cases,[10] the '468 Design Patent asserted in the Pending California Action,[11] and the '689 continuation Patent in the Texas case); Plaintiff's alleged commercial embodiment (the Stiles Razors); and the same or similar accused products (the Ardell Brow Precision Shaper in

---

[7] As to the "*Initial* California Action," a dismissal without prejudice put Plaintiff in the same legal position as if no suit had ever been filed.  *Hilbun v. Goldberg*, 823 F.2d 881, 883 (5th Cir.1987).  Therefore, the Pending California Action, the second suit filed by Plaintiff in E.D. Cal., is the first- filed case for purposes of applying the first-to-file rule.

[8] Plaintiff waited until the Fourth Amended Complaint to add the corporate entity STILES 4 U, INC in the Pending California Action.   STILES 4 U, Inc. is of course not in the instant case and was not in the Pending California Action Original Complaint.  Case No. 2:14-cv-02234-MCE-DMC, Dkt. No. 1 (E.D. Cal. Sept. 25, 2014).

[9] Ardell is actually a brand owned by AI, not a subsidiary, as Plaintiff recognizes in her Fourth Amended Complaint in the Pending California Action.  *See* Fourth Amended Complaint at ¶ 50.

[10] Claims 11-14 of the '329 Patent are asserted in the instant case (Target Complaint at ¶ 48), while no specific claims of the '329 Patent are asserted in the Fourth Amended Complaint in the Pending California Action.

[11] In her Complaint against Target, Plaintiff's allegations also include various measurements of the Ardell accused razor (*see* ¶¶ 51-53, 55, 58, 77, 79, and 83-84), as well as other specific design qualities (*see* ¶¶ 78, 80-82, and 85-87).

California (Fourth Amended Complaint at ¶ 50), and the Ardell Pro Brow Precision Shaper in

Texas (Target Complaint at ¶ 29)).   Furthermore, the two cases involve substantially overlapping

federal and state law claims because of corresponding substantive allegations regarding the

accused products, the Stiles Razors, and the asserted patents.   Lastly, the relief sought in both cases

is also nearly identical—a judgment of infringement, money damages, attorneys' fees, an

exceptional case finding, pre-judgment and post-judgment interest, and injunctive relief.   *See*

Target Complaint at ¶ 16, Fourth Amended Complaint at ¶¶ 39-40.

In comparing these two cases, respectfully, the proper conclusion is unavoidable—they are

nearly identical.   Moreover, this result is similar to other conclusions that Courts in this District

have previously reached in comparing similarly identical cases in the context of the first-to-file

rule:

> As an initial matter, the Court finds that the NDCA Action and the instant
> case substantially overlap; both cases involve (1) the same parties[1][*]
> (although in reversed positions), (2) the same patents (i.e., the Asserted
> Patents), and (3) the same accused products (i.e., overlapping Accused
> Products and Apple Products). The posture of the two cases are also
> mirrored: (1) the NDCA Action is a declaratory judgment action of
> noninfringement, and (2) this case is a civil action for patent infringement.
> *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583–
> 84 (Fed. Cir. 1990), *cert. denied*, 499 U.S. 922 (1991), *abrogated by*, *TC
> Heartland*, 137 S. Ct. at 1521 (noting that "a declaratory judgment action
> alleging that a patent is . . . not infringed" is "the mirror image of a suit for
> patent infringement"). Accordingly, the threshold inquiry of the first-to-file
> rule is satisfied.  [*Footnote 1 reads, "Although the NDCA Action includes
> additional defendant entities, those entities are related to Fundamental and
> their presence does not affect the overlap between the two cases as to
> Fundamental and Apple. (*See* NDCA Action, Dkt. No. 1.)"]

*Fundamental Innovation Systems International, LLC v. Apple, Inc.*, Civ. A. No. 2:19-cv-00048-

JRG, Order (Dkt. 33) at 4 (E.D. Tex. May 13, 2019).   And although in Fundamental the first-filed

action was a declaratory judgment action, "When confronted with substantially similar declaratory

judgment and patent infringement actions filed in different jurisdictions, **courts generally favor**

the forum of the first-filed action, **whether or not it is a declaratory action**." *Id.* at 3 citing

*RPost Holdings, Inc. v. Sophos, Inc.*, Civ. A. No. 2:13-cv-959-JRG, 2014 WL 10209205, at *1

(E.D. Tex. Aug. 20, 2014) (citing *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 938 (Fed.

Cir. 2008) (citations omitted) (emphasis added).

In short, Plaintiff Stiles has improperly requested two different courts to resolve a nearly identical core dispute regarding alleged infringement of Plaintiff's asserted razor patents by AI's Ardell Precision Shaper product. The common facts and issues that must be determined to adjudicate both the Texas and California actions are pervasive. Respectfully, only by staying this case and permitting the first-filed suit to conclude can the Court ensure that both cases are resolved consistently and that Defendant Target, and the Plaintiffs for that matter, receive just and equitable treatment absent of any competing and inconsistent rulings among sister courts. This case must accordingly be stayed pending the resolution of the Pending California Action.

## V.    THE CUSTOMER SUIT EXCEPTION ALSO WARRANTS THAT THIS CASE BE STAYED.

In addition to the first-to-file rule, the customer suit exception also mandates a stay of this case. The customer suit exception is typically an exception to the general rule that favors the forum of the first-filed action;[12] it provides that where a manufacturer and its customer have both been sued, the action *against the manufacturer* should ordinarily proceed first, regardless of which action was first filed. The customer suit exception "is based on the manufacturer's presumed greater interest [than its customers] in defending its actions against charges of patent infringement;

---

[12] However under the present circumstances the customer suit exception equally fits – AI (manufacturer of the accused razors) is currently a defendant in the Pending California Action, Target (the customer/purchaser of the razors and retailer) is here in E.D. Tex. According to Plaintiff, AI is "the company behind Ardell" and "Ardell's parent company." *See Stiles v. Wal-Mart Stores*, Inc., Civ. A. No. 4:19-cv-00420-ALM, First Amended Complaint for Patent Infringement, Dkt. No. 11 at ¶ 8 (E.D. Tex. July 3, 2019) and Target Complaint at ¶ 36, respectively. But, Ardell is actually a brand owned by AI. *See supra* Footnote 9.

and to guard against possibility of abuse." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)).  The guiding principles underlying the doctrine are efficiency and judicial economy. *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.,* 458 F.3d 1335, 1343 (Fed. Cir. 2006).  In that regard, a critical question under the customer suit exception "is whether the issues and parties are such that the disposition of one case would be dispositive of the other."  *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, Civ. A. No. 2:13-CV-909, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015) (internal quotation omitted).

In determining whether the customer suit exception applies, courts analyze three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *Id.* (citing *Tegic Commc'ns Corp.*, 458 F.3d at 1333).  However, "the Court does not apply the factors in a mechanical or precise manner and instead adopts a flexible approach in order to assess whether judicial resources will be saved." *Id.* (internal quotations omitted).

Just as with the first-to-file rule, the instant case satisfies the required factors.  First, there is a customer-defendant/mere reseller in the Pending California Action – Walmart.[13]   In every practical sense, Walmart stands in the same shoes as Target, also a customer-defendant, and mere reseller.  To reiterate, the core dispute across the California and Texas cases is Plaintiff's "Stiles Razors" and the associated asserted patents and intellectual property against the manufacturer (AI and its Ardell brand) and its customers/retailers.

Second, Target agrees to be bound by the Court's decision in the Pending California Action

---

[13] Customer-defendants are in both suits, Walmart in California and Target in Texas, although as pointed out in penultimate paragraph of Section II. A. *supra*, Plaintiff makes allegations specific to Target in the Pending California Action.  *See* Fourth Amended Complaint at ¶ 108 f. and ¶ 117.

if the Court stays the action against Target.  However, if the Court merely transfers the action against Target without a stay, then Target does not agree to be bound.  *See* Exhibit 1, attached Declaration of Robin L. Preble in Support of Target Corporation's Motion to Stay, or in the Alternative to Transfer.

Finally, while AI is not a named party in the Target Complaint, the customer suit exception applies and warrants that instant case be stayed because AI is the central, controlling manufacturer of the accused products:

- "However, in 2008, a company called American International Industries ('AI')—a Target and CVS supplier with a 73% share of the disposable styling razor market—decided to knock off the Stiles Razor, Stiles's patents notwithstanding. Target and CVS, who had resisted Stiles's attempts to sell the patented Stiles Razor in their stores, happily stocked their shelves with cheap knockoffs under the 'Ardell' label." *Stiles v. Wal-Mart Stores*, Inc., Civ. A. No. 4:19-cv-00420-ALM, First Amended Complaint for Patent Infringement, Dkt. No. 11 at ¶ 6 (E.D. Tex. July 3, 2019).

- "Defendants' [Walmart, AI, and Does 1-100] infringing manufacture and sale of its Salon Perfect Micro Razor, the Salon Perfect Precision Shaper, and the Ardell Precision Shaper, Defendants can control the demand for personal styling razors, by eliminating their competition, the Stiles Razor, from the market."  Pending California Action, 2:14-cv-02334-MCE-DMC, Fourth Amended Complaint (Dkt. No. 142) at ¶ 66.

- Plaintiff self-servingly claims in the Target Complaint that the accused product (Ardell Pro Brow Precision Shaper) is "made by Ardell." (*Id.* at ¶ 28), but then also admits that "AI[,] [is] the company behind Ardell" and alleges that in 2008 Target began selling **the same accused product "made by AI"** (emphasis added).  *Stiles v. Wal-Mart Stores, Inc.*, Civ. A. No. 4:19-cv-00420-ALM, First Amended Complaint for Patent Infringement, Dkt. No. 11 at ¶¶ 6 & 43 (E.D. Tex. July 3, 2019).

Plaintiff Stiles *in California* states that AI manufactures the "Ardell Brow Precision Shaper" accused product.  Pending California Action, Case No. 2:14-cv-02234-MCE-DMC, Fourth Amended Complaint (Dkt. No. 142) at ¶ 50-51. However, *in Texas*, Plaintiff claims that Ardell makes the "Ardell Pro Brow Precision Shaper" accused product. Target Complaint (Dkt.

13

No. 1) at ¶ 28. This is indicative of the multi-forum inconsistencies that the customer suit exception (and first-to-file rule) are designed to address.

Regardless of Plaintiff's manufacturer naming tactics, this Court is not bound to apply the customer suit exception factors in a "mechanical or precise manner," but should take "a flexible approach in order to assess whether judicial resources will be saved" by staying the instant case. *Vantage Point Tech.,* 2015 WL 123593, at *2 (citing *Tegic Commc'ns Corp.*, 458 F.3d at 1333). As observed by the Federal Circuit, given AI's presumed greater interest as compared to all of the retailers (Target, Walmart, and CVS) to defend against Plaintiff's claims, this action should be stayed. *Kahn*, 889 F.2d at 1081.[14] The issues and parties across the Pending California Action, AI's Declaratory Relief Action, and the instant case are such that the disposition of the Pending California Action would be dispositive of the instant case, *e.g.* – construction of the claims of the '329 and '689 Patents, alleged infringement and invalidity of the '329 and '689 Patents, fact findings regarding analysis of the accused products and Walmart's alleged actions in selling them as opposed to the Stiles Razors, damages, if any, etc. With all of these determinations in play, for efficiency and judicial economy, this instant case should also be stayed based on the customer suit exception.

Lastly, and notably, there is no indication of improper conduct by AI or Target that would counsel against the application of the customer-suit exception to stay these proceedings. Instead, Stiles has engaged in forum-shopping by filing multiple suits over the same products and patents in the Eastern District of Texas after she long-ago elected to litigate her claims in the Eastern District of California. *See Helene Curtis Indus. v. Sales Affiliates*, 105 F. Supp. 886, 902 (S.D.N.Y.), aff'd, 199 F.2d 732 (2d Cir. 1952) (where plaintiff prosecuting a customer suit in Texas

---

[14] AI filed a Complaint for Declaratory Relief again Sharidan Stiles in E.D. Cal. Case No. 2:19-cv-01218-WBS-EFB, Dkt. No. 1 (E.D. Cal July 1, 2019). *See supra* Footnote 1.

had no place of business there, while all persons said to have knowledge of the patent's validity were located in New York, the court concluded that Texas filing was "forum shopping with a vengeance"); *Telephonics Corp. v. Lindly & Co.*, 192 F. Supp. 407, 415 (E.D.N.Y. 1960), aff'd, 291 F.2d 445 (2d Cir. 1961) (filing of customer suit while patent infringement action was pending in another district was "consistent with a forum shopping technique which is as obvious as though it were openly avowed"). This is yet another reason to stay this case.

## VI.    <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant Target Corporation respectfully requests the Court stay Plaintiff's second-filed action here in the Eastern District of Texas or, in the alternative, transfer the action to the Eastern District of California pursuant to the first-to-file rule.


Dated:  August 13, 2019                              Respectfully submitted,

                                                     */s/ Eric H. Findlay*
                                                     Eric H. Findlay (State Bar No. 00789886)
                                                     Findlay Craft, P.C.
                                                     102 N. College Ave, Ste 900
                                                     Tyler, TX 75702
                                                     903-534-1100 (t)
                                                     903-534-1137 (f)
                                                     efindlay@findlaycraft.com

                                                     ***COUNSEL FOR DEFENDANT TARGET CORPORATION***

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  This document will be served on Plaintiff in accordance with the Federal Rules of Civil Procedure.

*/s/  Eric H. Findlay*
Eric H. Findlay

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant and counsel for Plaintiff communicated regarding the relief sought in this Motion on August 10, 2019.  Plaintiff indicated that they are opposed to the relief sought in this Motion.

*/s/  Eric H. Findlay*
Eric H. Findlay

16